IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RICHARD F. LANE,

                Plaintiff,

     v.

WARDEN MR. ARTIS, et al.,

                Defendants.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 12-7204 (JBS-JS)

**OPINION**

APPEARANCES:

RICHARD F. LANE, Plaintiff Pro Se
#142979C
Northern State Prison
168 Frontage Road
Newark, New Jersey 07114

MICHELLE L. COREA, ESQ.
CAPEHART AND SCATCHARD, P.A.
8000 Midlantic Dr., Suite 300
Mt. Laurel, New Jersey 08054
Attorney for Defendants

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

    This matter comes before the Court on Defendants Warden
Artis' and Captain Larkins' ("Defendants") Motion to Dismiss
Pursuant to Fed. R. Civ. P. 12(b)(6). (Docket Entry 10). Pro se
Plaintiff Richard F. Lane ("Plaintiff") filed an opposition to
Defendant's motion. (Docket Entry 13). This motion is being
considered on the papers pursuant to Fed. R. Civ. P. 78(b). For

the reasons set forth below, Defendants' motion shall be granted as Plaintiff has failed to state a claim upon which relief can be granted.

## II.  BACKGROUND

### A. Procedural History

On November 21, 2012, Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 alleging his constitutional right to vote under the First Amendment was violated by Defendants. (Docket Entry 1). This Court granted Plaintiff's application to proceed *in forma pauperis* and ordered the Clerk of the Court to issue summonses. (Docket Entry 4).

Defendants filed the instant Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on September 26, 2014. (Docket Entry 10), and Plaintiff filed an opposition to Defendant's motion. (Docket Entry 13). Defendants filed a response on December 3, 2014. (Docket Entry 14).

### B. Factual Background

*1.   Allegations in the Pleadings*

Plaintiff was a pretrial detainee in the Burlington County Detention Center during the first week of October 2012, at which time he asked a social worker how to participate in the presidential election. (Docket Entry 1 at 5). She informed Plaintiff he needed to register to vote first and gave him a registration form. (Docket Entry 1 at 5). Plaintiff completed

the form and gave it to an officer for delivery to the social worker's office. (Docket Entry 1 at 5). A different officer assured Plaintiff that absentee forms would be provided for those detainees eligible to vote. (Docket Entry 1 at 5). Plaintiff never received an absentee form.

Plaintiff filed suit against Artis and Larkins, asserting that as they are responsible for the running of the facility, they are responsible for the failure to provide him an application for an absentee ballot. (Docket Entry 1 at 6). Plaintiff did not name the social worker or the other officers as defendants. He did not pursue any administrative remedy as "the damage [was] done" and "[i]t is too late to cast my ballot." (Docket Entry 1 at 5).

   2.   *Defendants' Statement of Facts*

Defendants argue Plaintiff has failed to state a claim upon which relief can be granted as he has not alleged any personal involvement by Artis or Larkin. They assert that under § 1983, Plaintiff cannot rely solely upon the doctrine of *respondeat superior* for liability. (Docket Entry 10-1 at 3).

Defendants also assert that Plaintiff was ineligible to vote at the time of the election as Plaintiff was serving a felony sentence at the time of the election. (Docket Entry 10-1 at 4); *see also* N.J. Stat. Ann. § 19:4-1(8) (West, WestlawNext through L. 2015, c. 32)("No person shall have the right of

suffrage . . . Who is serving a sentence or is on parole or probation as the result of a conviction of any indictable offense under the laws of this or another state or of the United States."). They posit that as Plaintiff was sentenced on December 20, 2012 and given 559 days of jail credit, his sentence actually began on June 10, 2011. (Docket Entry 10-1 at 4-5). They state the complaint should therefore be dismissed.

   3.   *Plaintiff's Opposition*

   In his opposition, Plaintiff argues Defendants' assertions regarding the backdating of his conviction are specious and ignores the plain language of the state statute. (Docket Entry 13 at 2). As such, he argues he was not legally disqualified from voting in the 2012 presidential election. (Docket Entry 13 at 3).

   Plaintiff also argued that his claim is proper under the New Jersey Tort Claims Act ("NJTCA"), N.J. STAT. ANN. § 59:1-1 et seq. (West, WestlawNext through L. 2015, c. 32). (Docket Entry 13 at 3). Additionally, Plaintiff asserted that he has raised a claim of municipal liability under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978). (Docket Entry 13 at 3).

## III. STANDARD OF REVIEW

   A complaint will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quotation omitted). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotation omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). However "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV. DISCUSSION

The sole named Defendants are Warden Artis and Captain Larkin. Plaintiff's complaint is devoid of any factual content that would permit this Court to conclude the named Defendants are personally liable for any injury to Plaintiff. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal,* 556 U.S. at 676. State actors are liable only for their own unconstitutional conduct. *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012). In spite of Plaintiff's assertions

in his opposition papers, nothing in the complaint states he filed grievances to Warden Artis regarding the denial of the absentee form. In fact, he specifically averred in his complaint that he had not pursued administrative remedies. (*Compare* Docket Entry 13 at 4, *with* Docket Entry 1 at 5-6). Aside from a conclusory statement of liability, Captain Larkin is not mentioned at all in the complaint's Statement of Claim, (Docket Entry 1 at 6), nor does Plaintiff explain in his opposition papers the basis of Captain Larkin's individual liability, (Docket Entry 13 at 4). Plaintiff has alleged no deliberate, direct action by either of the Defendants, therefore the complaint must be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6).

Plaintiff's opposition to the motion attempts to recast his complaint as asserting a *Monell*[1] claim. It is well-established that municipal liability under § 1983 "may not be proven under the *respondeat superior* doctrine, but must be founded upon evidence that the government unit itself supported a violation of constitutional rights." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (citing *Monell*, 436 U.S. 658). "[P]laintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy

---

[1] *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

or acquiescence in a well-settled custom." *Ibid.* Even construed liberally, Plaintiff's complaint on its face fails to sufficiently allege Burlington County itself, as the government unit susceptible to *Monell* liability,[2] affirmatively and directly caused his injury through either a policy or custom. *See Berg v. Cnty. of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000).

Finally, Plaintiff requests this Court to construe his complaint as being brought pursuant to the NJTCA and assert supplemental jurisdiction over the state law claim. (Docket Entry 13 at 3). Supplemental jurisdiction is only appropriate for claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367 (West, WestlawNext through P.L. 113-296). Supplemental jurisdiction would not apply if the sole count of the complaint is brought under state law. If the Court were to construe the claim as being brought pursuant to state law, the only basis for federal jurisdiction would be diversity

---

[2] A jail is not a "person" within the meaning of § 1983, *see, e.g.*, *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983), thus Plaintiff must show that any policy at issue is one dictated by Burlington County, not the Burlington County Detention Center. In other words, did Burlington County or its highest policy-making officials have a policy or custom of knowingly depriving unsentenced detainees of the right to vote in a manner that harmed Plaintiff? No such grounds appear in the present complaint.

jurisdiction under 28 U.S.C. § 1332. Even that would fail in this case as a matter of law, however, as it appears Plaintiff and Defendants are both residents of the same state. The Court therefore declines to consider whether Plaintiff has stated a cause of action under the NJTCA.

Defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) shall be granted.[3] In light of the fundamental nature of the right at stake, however, the Court will dismiss the complaint without prejudice and will permit Plaintiff to file an amended complaint addressing the deficiencies noted herein, as it is not clear that it would be futile for Plaintiff to attempt to amend. Plaintiff should note, however, that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, *Federal Practice and Procedure* 1476 (2d ed. 1990) (footnotes omitted).  An amended

---

[3] Because the Court has granted Defendants' motion due to Plaintiff's failure to allege specific involvement by Defendants, it is unnecessary to address their argument that Plaintiff was ineligible to vote under state law.  If, however, Plaintiff pursues his claim by way of an amended complaint, he will have to allege that he was eligible to vote as of October, 2012 under New Jersey law and that he would have timely registered and voted by absentee ballot but for the actions of the County or its officials or employees.

complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* Any such proposed amended complaint must be filed within 30 days of the entry of this Order upon the Court's docket.

**V. CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss is granted. An accompanying Order will be entered.

**April 28, 2015**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
Chief U.S. District Judge